**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000603**
**08-FEB-2024**
**07:46 AM**
**Dkt. 66 SO**

NO. CAAP-21-0000603


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI ORGANIZATION OF POLICE OFFICERS,
Plaintiff-Appellant, v.
CITY AND COUNTY OF HONOLULU, Defendant-Appellee,
and STATE OF HAWAIʻI, Intervenor/Defendant-Appellee, and
HONOLULU CIVIL BEAT, INC., Intervenor/Defendant-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-20-0001512)


SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant State of Hawaiʻi Organization of

Police Officers (**SHOPO**) appeals from the Circuit Court of the

First Circuit's September 30, 2021 Final Judgment and April 14,

2021 order denying SHOPO's motion for preliminary injunction.[1]

On appeal, SHOPO raises six points of error, contending Act 47

---

[1]  The Honorable Dean E. Ochiai presided.

(2020)'s amendments violate its members' right to: (1) privacy; (2) organize; (3) procedural due process; (4) substantive due process; (5) equal protection; and (6) prohibition against impairment of contracts.

Defendant-Appellee City and County of Honolulu, Intervenor/Defendant-Appellee State of Hawaiʻi, and Intervenor/Defendant-Appellee Honolulu Civil Beat filed answering briefs countering SHOPO's contentions, and the American Civil Liberties Union of Hawaiʻi Foundation submitted an amicus brief supporting the defendants.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

**(1)** In its first point of error, SHOPO contends the circuit court "erred in finding that Act 47's amendments did not violate a county police officer's right to privacy by mandating disclosure of disciplinary records before the highest nonjudicial grievance adjustment procedure timely invoked by the employee or the employee's representative has concluded."

SHOPO argues that "officers have a constitutional right to privacy in their employment records in general,

including pending discipline matters." However, the Hawaiʻi Supreme Court has ruled "information regarding a police officer's misconduct in the course of his or her duties as a police officer is not within the protection of Hawaiʻi's constitutional right to privacy . . . ." State of Hawaiʻi Org. of Police Officers v. City & Cnty. of Honolulu, 149 Hawaiʻi 492, 511, 494 P.3d 1225, 1244 (2021) (explaining that this holding "remains good law") (quoting State of Hawaiʻi Org. of Police Officers v. Soc'y of Pro. Journalists-Univ. of Hawaiʻi Chapter (**SHOPO v. SPJ**), 83 Hawaiʻi 378, 397, 927 P.3d 386, 405 (1996), superseded by statute, 1995 Haw. Sess. Laws Act 242 § 1 at 641-42, as recognized in Peer News LLC v. City & Cnty. of Honolulu, 138 Hawaiʻi 53, 63-65, 376 P.3d 1, 11-13 (2016)).

SHOPO also argues Act 47's amendments created an "internal inconsistency" between Hawaiʻi Revised Statutes (**HRS**) §§ 92F-14(b)(4)(B) (Supp. 2021) and 52D-3.5 (Supp. 2021). Based on the amendment to HRS § 52D-3.5, each police department must report to the legislature "the identity of the police officer upon the police officer's suspension or discharge." Under HRS § 92F-14(a) (2012) and (b)(4)(B), a government agency must disclose the name of an employee whose misconduct resulted in suspension or discharge when, among other things, "the highest

3

nonjudicial grievance adjustment procedure timely invoked by the employee or the employee's representative has concluded . . ." or "public interest in disclosure outweighs the privacy interest of the individual."  Because both statutes detail the circumstances under which the officer's name must be provided, and neither statute provides a right to nondisclosure, there is no "internal inconsistency."  See SHOPO v. City & Cnty. of Honolulu, 149 Hawai'i at 497, 507, 494 P.3d at 1230, 1240 (explaining that HRS chapter 92F, the Uniform Information Practices Act (**UIPA**), "simply provides no right of nondisclosure").

**(2)**  Next, in its second, third, fourth, and sixth points of error, SHOPO contends Act 47's amendments violated its members' right to:  organize for the purpose of collective bargaining; procedural due process; substantive due process; and prohibition against impairment of contract.  For these points, SHOPO relies on its collective bargaining agreement (or **CBA**) asserting that a conflict exists between the requirement to disclose the identity of the police officer under HRS § 52D-3.5 and the grievance procedures under its collective bargaining agreement.

Curiously, in challenging UIPA disclosures in SHOPO v. City & Cnty. of Honolulu, SHOPO proffered that "the disclosures required by HRS § 52D-3.5 . . . would suffice to meet Civil Beat's request without violating the CBA." 149 Hawaiʻi at 520, 494 P.3d at 1253 (emphasis added). Nonetheless, assuming *arguendo* a conflict exists between HRS § 52D-3.5 and the collective bargaining agreement, the county police departments cannot bargain away their duties under HRS § 52D-3.5. See id. (explaining that "an agency may not collectively bargain away its duties under UIPA – compliance with the statute is 'non-negotiable'") (quoting SHOPO v. SPJ, 83 Hawaiʻi at 404-05, 927 P.2d at 412-13). HRS § 52D-3.5 requires each county police department to report certain information to the legislature, such as disclosing the officer's identity upon suspension or discharge. And the police departments must comply. See 149 Hawaiʻi at 520, 494 P.3d at 1253 (explaining that an "agency must comply with UIPA, and if the CBA would prevent that, it is unenforceable") (citing SHOPO v. SPJ, 83 Hawaiʻi at 404-05, 927 P.2d at 412-13).

**(3)** Finally, in its fifth point of error, SHOPO contends the circuit court erred by finding "Act 47's amendments did not violate the equal protection rights of SHOPO and its members . . . ." SHOPO argues "Act 47 deprives county police officers of the same due process rights enjoyed by other public

5

employees" and treating "county police officers differently than other law enforcement officers with the same 'police powers' does not have a fair and substantial relation to the objective of Act 4 [sic] nor is it supported by a rational basis." (Emphasis omitted.)

Contrary to SHOPO's contention, the legislature provided a rational basis for disclosing the identity of a police officer upon suspension or discharge. Nagle v. Bd. of Educ., 63 Haw. 389, 393, 629 P.2d 109, 112 (1981) (explaining "[w]here 'suspect' classifications or fundamental rights are not at issue, this court has traditionally employed the rational basis test"). The legislature explained the purpose of Act 47 was to "enhance the public's trust in law enforcement," and found "public trust in law enforcement is critical to ensuring justice" and "the difficult and often dangerous job of law enforcement is safer, easier, and more effectively executed when citizens trust those empowered to serve and protect them." 2020 Haw. Sess. Laws Act 47, § 1 at 364. Thus, "requiring disclosure of the identities of suspended or discharged county police officers to the Legislature will improve oversight of police departments in cases of severe misconduct." Conf. Comm. Rep. No. 3-20, in 2020 House Journal, at 909-10, 2020 Senate Journal, at 577-78 (2020).

Based on the foregoing, we affirm the circuit court's September 30, 2021 Final Judgment and April 14, 2021 order denying SHOPO's motion for preliminary injunction.

DATED:  Honolulu, Hawaiʻi, February 8, 2024.

On the briefs:

Keani Alapa,
Vladimir Devens,
for Plaintiff-Appellant.

Duane W.H. Pang,
Haley E. Chee,
Deputies Corporation Counsel,
City and County of Honolulu,
for Defendant-Appellee.

Kalikoʻonālani D. Fernandes,
Solicitor General,
Department of the Attorney
General,
for Intervenor/Defendant-
Appellee State of Hawaiʻi.

Robert Brian Black,
Stephanie Frisinger,
for Intervenor/Defendant-
Appellee Honolulu Civil Beat
Inc.

Jongwook Kim,
for amicus curiae
American Civil Liberties
Union of Hawaiʻi Foundation.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge